IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANITA LYNN HOLLIMAN**                                                            **PLAINTIFF**

**V.**                                                  **CAUSE NO. 3:15-CV-525-CWR-LRA**

**WAL-MART STORES EAST, LP**                                        **DEFENDANT**

## ORDER

Before the Court is the defendant's motion for summary judgment. The matter is fully briefed and ready for review.

### I. Factual and Procedural History

On December 20, 2013, Anita Lynn Holliman was shopping at a Wal-Mart in Meridian, Mississippi. While in the grocery section, she reached into a waist-high meat freezer to pick up an item. At that moment, something fell from underneath the freezer and struck her toe, causing bruising and bleeding. She proceeded to the restroom to triage her injury; a Wal-Mart employee brought her a Band-Aid. Holliman later sought treatment at the hospital.

In 2015, Holliman filed a state-court suit seeking monetary damages from Wal-Mart. She claimed that the company caused her injury by keeping an unsafe premises and failing to warn her about that unsafe premises. After Wal-Mart removed her case to this Court, the parties engaged in discovery. This motion followed.

### II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made

and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### III.   Discussion

#### A.   Mississippi Law

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

In Mississippi, it is well-established that premises owners owe business invitees "a duty of reasonable care in keeping their premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008) (citations omitted). It also is clear that "a premises owner is not an insurer of the safety of invitees." *Id.* "The basis of liability is negligence and not injury." *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966).

Premises owners have a separate "duty to warn [customers] of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable

care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1200 (quotation marks and citations omitted).

One common thread through these kinds of liability is that plaintiffs must identify a dangerous condition. As the Fifth Circuit recited in a comprehensive review of Mississippi premises liability law, if "the plaintiff fail[s] to identify what specifically the landowner did negligently, or what exactly the dangerous condition was on the property," the plaintiff's case cannot proceed. *Maddox*, 639 F.3d at 217 (citations omitted).

B.   Analysis

Although Holliman sustained an injury at Wal-Mart, she has not identified "what exactly the dangerous condition was on the property." *Id.* The record contains no description of the object which struck her toe. There are no photographs. There is no video. There is neither a contemporaneous report from a witness in the store nor an after-the-fact report from an expert. *See, e.g.*, *Merritt v. Wal-Mart Stores, Inc.*, 911 F. Supp. 242, 244-45, 247 (S.D. Miss. 1995) (discussing plaintiff's "safety expert [who] testified in deposition that the lack of a non-skid surface in the area of the drink dispenser . . . create[d] an unreasonably dangerous condition which caused [the plaintiff's] fall and subsequent injury"). We do not know what fell on her.

It may be tempting to say that the dangerous condition here was "the freezer," but that is too general to satisfy Mississippi law. Plaintiffs have been allowed to proceed with premises liability claims where they have identified, as examples, the S-hook which failed and caused them to fall, the guardrail which flew off the racetrack and struck them, or the safety reflectors in the driveway upon which they stumbled. *Maddox*, 639 F.3d at 217 (S-hook); *Massey v. Tingle*, 867 So. 2d 235, 237 (Miss. 2004) (guardrail); *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 281 (5th Cir. 2009) (safety reflectors). In contrast, when plaintiffs claimed that a "dip" in a

water park slide was dangerous, their case failed because no one testified to "the exact location of the dip or provide[d] a description of the dip with any particularity." *Boyd v. Magic Golf, Inc.*, 52 So. 3d 455, 460 (Miss. Ct. App. 2011). Some degree of specificity is required.

This matter is the latter kind of premises liability case. The depositions and affidavit confirm that "something" hit Holliman's foot. *See* Docket No. 24-4, at 6. But Holliman could not say whether that something was frozen meat, wood, metal, or the freezer's lower railing. *Id*. at 7. No one looked at the object. *Id.* And when asked what it was, she testified, "I have no idea." *Id.* That is just not enough. It suggests liability for injury, not negligence, which is not the law in Mississippi. *See Tisdale*, 185 So. 2d at 917.

Mississippi law, moreover, requires plaintiffs to show that the defendant "directly or proximately caused the dangerous condition to come into existence." *Castilla v. Marriott Int'l, Inc.*, No. 3:10-CV-476-CWR-LRA, 2011 WL 4832930, at *2 (S.D. Miss. Oct. 12, 2011) (citations omitted). Having failed to identify what struck her foot, Holliman surely failed to place in evidence that Wal-Mart created or caused the dangerous condition.

Without an identifiable dangerous condition, Holliman is left with an argument that Wal-Mart failed to conduct reasonable inspections to discover unknown falling objects within waist-high freezers. To proceed beyond summary judgment she needs evidence that "the problem had existed for such a duration that the jury may reasonably conclude that due care would have discovered it." *Jones v. Imperial Palace of Mississippi, LLC*, 147 So. 3d 318, 322 (Miss. 2014). Again, however, there is no such evidence in the summary judgment record.

**IV.     Conclusion**

The motion is granted.[1] A separate Final Judgment will issue.

**SO ORDERED**, this the 10th day of August, 2016.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[1] The Clerk of Court is ordered to designate Docket No. 24-3 as "restricted." *See* Fed. R. Civ. P. 5.2(a). "Restricted" access means only the attorneys of record may view the document.